### COOK v. FLAGG.

(Circuit Court of Appeals, Second Circuit. May 24, 1916.)

#### No. 297.

1. TRUSTS ☞104—CREATION OF TRUST—TRUSTS EX MALEFICIO.
   Where through misrepresentations as to a scheme for speculation on the Stock Exchange, which was carried out, defendant acquired possession of moneys of others, though he had no transactions on the Exchange, he is a trustee ex maleficio.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 155; Dec. Dig. ☞104.]

2. RECEIVERS ☞19—APPOINTMENT—RIGHT TO APPOINTMENT.
   Where the claims against defendant, arising out of transactions with complainant and others, greatly exceeded the funds in his possession, and it was contended that defendant was a trustee ex maleficio, a receiver to hold the fund pending litigation will be appointed, particularly in view of the fact of defendant's prior conviction of using the mails to defraud

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in connection with the scheme by which he obtained possession of the funds.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 27; Dec. Dig. ⊕═19.]

Appeal from the District Court of the United States for the Southern District of New York.

Bill by Ellsworth E. Cook against Jared Flagg. From an order appointing a receiver pendente lite of a fund consisting of moneys and securities in the hands of defendant, defendant appeals. Affirmed.

M. W. Littleton, of New York City, for appellant.

G. E. Roe, of New York City, for appellee.

Before COXE and WARD, Circuit Judges, and MAYER, District Judge

MAYER, District Judge. The opinion of Judge Hough renders unnecessary an extended analysis of the voluminous pleadings and affidavits.

[1] The substance of the bill is that Flagg, not a member of the Stock Exchange, devised a fraudulent scheme for speculating in stocks; that on the faith of his representations plaintiff and many others intrusted him with their money to the extent of an estimated aggregate of $1,100,000; that Flagg never had any real transactions in the purchase or sale of stocks; that the amount obtained by Flagg from plaintiff at different dates and by virtue of the fraudulent representations aggregated $10,020, only $2,800 of which was paid over to plaintiff, and then as pretended profits, when there were no profits; that all the representations made by Flagg were false, and known by him to be false; that the money obtained from others than plaintiff was so obtained on similar representations; that the funds are mingled; and that some $200,000 in Flagg's control will fall short of satisfying the aggregate claims of $1,100,000. The relief prayed for is an injunction, the appointment of a receiver, an ascertainment of the claims to the fund, and an appropriate distribution.

In a letter to Mr. Goodwin, Assistant Attorney General, dated August 25, 1909 (referred to in one of the moving affidavits), Flagg, in explaining his method of doing business, in order to satisfy the officials that he was not using the mails unlawfully, stated:

"Every dollar of the securities and the cash deposited with Mr. Flagg by all the customers belong to them, and not to Mr. Flagg. Mr. Flagg is merely a broker, and is handling his customers' funds, and is charged with the handling of cash and securities as a fiduciary."

In opposition to the motion, Flagg filed an answer and an affidavit, setting forth that his transactions with Cook and others were legitimate, and vigorously taking issue with the condemnatory allegations of the moving papers.

We think the bill states a cause of action in equity in that Flagg became Cook's trustee ex maleficio. Pomeroy's Equity Jurisprudence (3d Ed.) § 1053; In re Berry, 147 Fed. 208, 77 C. C. A. 434; United States v. Carter, 172 Fed. 1, 96 C. C. A. 587, affirmed, 217 U. S. 286, 30 Sup. Ct. 515, 54 L. Ed. 769, 19 Ann. Cas. 594; Marshall v.

de Cordova, 26 App. Div. 615, 50 N. Y. Supp. 294. There is a trust fund ex maleficio participation in which by many people similarly situated is necessary in order to have a just distribution. While the fund is created in a different way from that in Guffanti v. National Surety Co., 196 N. Y. 452, 90 N. E. 174, 134 Am. St. Rep. 848, the ultimate principle is the same.

[2] There being a cause of action in equity, the next question is whether the court abused its discretion in appointing a receiver. The mere denial by a defendant of what is alleged against him by a plaintiff, is not enough to justify the court in refusing to extend its protective arm.

Here was a situation where the fund in hand was far less than necessary to satisfy the total of claims which could be made. The defendant had been convicted of a crime against the United States for using the mails to invite just such transactions as that with plaintiff. It was alleged that he was financially irresponsible and there was no reason to doubt that allegation and no affidavit of any disinterested person to the contrary. If no injunction issued, defendant could do what he pleased with the fund, and at the end of a litigation plaintiff and those similarly situated might have their labor for their pains. On the other hand, if defendant succeeded on the trial, the sole injury to him would be the delay caused by the lawsuit, the expeditious disposition of which could and can be had without difficulty, if defendant himself is diligent.

It seems to us that the District Judge was right, and, had he denied the motion, grave injustice might have been visited upon those who claim to have been defrauded. It will be understood that we do not pass on the merits of the issues which are now being tried, including the complicated transactions in dispute arising out of the system which defendant urgently contends are legitimate. We are considering solely the order here under review on the papers as they were presented to the District Court.

The order is affirmed, with costs.