FRANK W. CHAMBERLAIN, executor, *vs.* WILLIAM G. HENRY.

Suffolk. January 19, 1928. — March 2, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction*, Accounting, Laches. *Equity Pleading and Practice*, Master: report, findings of fact, exceptions to report. *Laches.*

Exceptions to refusals to find certain facts and to certain facts found, without a report of evidence, by a master appointed by an interlocutory decree in a suit in equity which did not require him to report the evidence, must be overruled; and, if the findings are not inconsistent with each other, they must stand.

In a suit in equity by the executor of a will against one to whom the testator had transferred sums of money in his lifetime, the defendant contended that some of the money so transferred was expended by him in accordance with instructions of the testator, and that the balance was a gift to the defendant from the testator. A master, without a report of the evidence, found that there was no gift to the defendant, that certain sums rightfully were expended by the defendant, and that he owed the plaintiff the balance. He also found that the testator did not care to have any formal accounting of moneys withdrawn or disbursed by the defendant. *Held*, that

(1) It appearing that there was no gift to the defendant, the burden was on him to account for the money or property that had come into his hands;

(2) The mere fact that the testator did not care to have any formal accounting of moneys withdrawn or disbursed by the defendant did not relieve the defendant from the duty to account to the estate for the balance in his hands.

In his report in the suit above described, the master stated that it was almost impossible to state an account in the absence of records. *Held*, that such recital did not nullify the finding that the defendant was accountable for the sum found to be due, nor prove that the master's conclusion was based on conjecture.

An exception to the report of a master in a suit in equity on the ground
that he refused to state his views of the law will not be sustained.

Denials of motions to recommit a suit in equity to a master, to dismiss the
report and to discharge the master will not be reversed on appeal where
no abuse of discretion by the judge is shown.

A delay by the executor of a will to begin a suit in equity for an accounting
for two years after his appointment, which was not shown to have pre-
judiced the defendant, was *held* not to constitute laches barring the
suit where it appeared that, during that time, he spent considerable
time in trying to locate the defendant, in making investigations in re-
gard to the withdrawals of money from banks, and in interviewing
witnesses, and delayed suit less than six months after he first com-
municated with the defendant.

BILL IN EQUITY, filed in the Superior Court on December 8,
1924, and described in the opinion.

The suit was referred to a master. Material facts found
by the master and proceedings with respect to his report are
stated in the opinion. A final decree was entered by order
of *Weed*, J., directing the defendant to pay to the plaintiff
$4,959.88 and costs. The defendant appealed.

The case was submitted on briefs.

*G. H. Shields*, for the defendant.

*A. S. Allen, C. C. Steadman, & S. D. Foster*, for the plain-
tiff.

SANDERSON, J. This is a bill brought by the plaintiff
as executor of the will of Edmund P. Nutting for an ac-
counting by the defendant for money received from the
testator's savings bank deposits. The answer sets up,
among other defences, that the testator requested the de-
fendant to draw this money for his, the testator's use, sup-
port and maintenance, and that most of it was spent for that
purpose; that about $1,000 of this money was a gift to the
defendant.

The case was referred to a master and it appears from his
report that the defendant was a brother-in-law of Nutting,
who died in April, 1922, and who, for some years before his
death, was in poor health. Early in 1918, the defendant
began to handle the decedent's money, which was drawn
from various savings bank deposits. Between January,
1918, and November, 1921, the defendant withdrew upon
orders signed by Nutting $8,569.63, and the books from which

the money was drawn came finally into the defendant's possession. The master, having stated in substance that he was unable to find a gift of any part of the money to the defendant, found that he was authorized to draw the money and expend it for charges incurred by the testator. After crediting the defendant with the payments proved by him and with the expenses of the defendant as far as they could be ascertained, the master charged the defendant with the difference between those sums and the money received by him. A motion to recommit the report to the master and a motion to discharge the master and dismiss his report were made by the defendant. An interlocutory decree denying the motions and confirming the report and a final decree based upon the report were entered, from which the defendant appealed.

The exceptions to the master's report were properly over-ruled. Many of them refer to findings of fact made by the master and to his failure to make other findings of fact. The evidence is not reported and the master's refusal to report it was in accordance with the well established practice when the order of reference does not require such a report. *Kilkus* v. *Shakman*, 254 Mass. 274, 277.

"The duty of a master, whose rule directs him to find and report the facts in issue, is performed by a statement of his conclusions only, together with such narration of facts as may be essential in order to enable the court to comprehend the steps by which his conclusions have been reached, and to decide whether they are correct. These principles long have been established." *Smith* v. *Lloyd*, 224 Mass. 173, 174. We cannot say that the court erred in refusing to recommit the report for a further statement of facts or evidence. The findings of the master must therefore be accepted as true. *Cosmopolitan Trust Co.* v. *Cirace*, 248 Mass. 98, 103. *Simpkins* v. *Old Colony Trust Co.* 254 Mass. 576, 580. The contention that they are not supported by the evidence is not open to the defendant. The findings are not inconsistent with each other and we cannot say that any of them are plainly wrong.

The testator reposed great confidence in the defendant and

desired him to withdraw the money from the banks to pay the testator's bills, and allowed the defendant to have general supervision over his affairs. The contention that the testator had made a gift to him having been decided adversely to the defendant, the burden was on him to account for the money or property that had come into his hands. *Little* v. *Phipps*, 208 Mass. 331, 335. *Greene* v. *Corey*, 210 Mass. 536, 546. The fact that the testator did not care to have any formal accounting of moneys withdrawn or disbursed by the defendant does not relieve him from the duty to account to the estate for the balance in his hands.

The recital in the report that it was almost impossible to state an account in the absence of records, does not nullify the finding that the defendant is accountable for the sum found to be due, nor prove that the master's conclusion was based upon conjecture. The exception to the refusal of the master to state his views of the law presents no question of law and must be overruled. No reversible error appears in any of the rulings on evidence to which exception was saved. In some instances the answers of the witness, if any were given, do not appear. For the most part the inquiries whether the defendant made certain statements at a previous trial were so answered that the former testimony did not become evidence in the case, and the record does not show reversible error in connection with any of these inquiries. The motions to recommit the case to the master and to dismiss the report and the motion to discharge the master were addressed to the sound discretion of the trial judge, and in his action thereon we find no abuse of judicial discretion.

The master found the facts relating to laches without stating his conclusion as to that issue. It appeared that the plaintiff was appointed executor November 23, 1922. The evidence tended to prove that he spent considerable time in trying to locate the defendant, in making investigations in regard to the withdrawals of money from banks, and in interviewing witnesses. On July 23, 1924, counsel for the plaintiff wrote the defendant a letter asking for an accounting. Suit was begun December 8, 1924. It did not appear that the defendant had suffered or been prejudiced by the plaintiff's

delay.   The trial judge, in entering the decree in favor of the plaintiff, must have found that upon the facts found by the master laches was not proved and he was justified in deciding that the plaintiff's delay in bringing suit did not prevent recovery.

All questions of law properly presented by the appeal and argued have been considered and no reversible error is found.

The plaintiff filed a motion to dismiss the appeal because of the defendant's delay in prosecuting it.   Having reached the conclusion that the decree should be affirmed for the reasons herein stated, we have not considered it necessary to pass upon this motion.

*Decree affirmed with costs.*