ALBERT A. GOLDEN *vs.* JAMES S. PROCTOR & others.

Suffolk.    December 14, 1928. — March 1, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Wagering Contract. Contract*, Performance and breach. *Evidence*, Presumptions and burden of proof, Competency, Books of account. *Practice, Civil*, Requests, rulings and instructions.

At the hearing by a judge without a jury of an action of contract by a customer against a firm of stockbrokers, with a declaration containing a first count for $30,000, money alleged to have been had and received by the defendants to the plaintiff's use, and a second count for $60,000 based on G. L. c. 137, §§ 4, 6, there were in evidence exhibits, and an auditor's report which contained the statement: "I do not find that . . . [the plaintiff] had any intention that the stock he bought should not be delivered to the defendants, or that the stock he sold short should not be delivered to the customer by the defendants, or that any of his transactions should be conducted otherwise than according to

the general custom of stock exchange houses in properly buying and selling stocks for customers on margin." The judge found that the defendants complied with all agreements the plaintiff made with them; that he intended there should be actual purchases and sales and did not intend that there should not be such purchases and sales; that he knew or should have known that the defendants were making actual purchases and sales of securities ordered by him, and that there was no evidence that they failed to make the sales or purchases.' There was a finding for the defendants. The plaintiff alleged exceptions. *Held,* that,

(1) Since it was found that the plaintiff intended that the stock should be sold or purchased according to his orders, he could not recover on the second count;

(2) In view of the findings, G. L. c. 137, §§ 4, 6, gave the plaintiff no right of recovery under the first count;

(3) While, at common law, the plaintiff would have been entitled to recover under the first count if the agreement had been that the defendants should make actual purchases and sales and they had failed to carry out this contract, and the burden was upon the defendants to prove that they did in fact make the sales and purchases and had in their possession or control available for delivery to the plaintiff the stocks which they purported to be carrying for him, it appeared from the findings by the judge that the defendants complied with all agreements that the plaintiff testified were made with him, and that the plaintiff did not intend there should not be actual purchases and sales; and therefore the finding for the defendants under the first count was warranted;

(4) A refusal by the judge to rule that, "Even if the defendants acted in good faith and intended that actual purchases and sales should be made for the plaintiff's account, they did not sustain the burden of proof resting upon them because they failed to show actual purchases and sales in detail," and to rule, "Upon all the evidence the defendants have not shown that they made actual purchases and sales of securities on the plaintiff's account with them," were not rulings that the burden of proof was not on the defendants, and, in view of his findings, such refusals were proper;

(5) Upon evidence before him in the report of the auditor and many exhibits, showing in detail the stocks purchased and sold as well as confirmation slips, and including also the defendants' books, showing the transactions of the plaintiff with the defendants, the name of the stock, the number of shares, the name of the one to whom they were sold or from whom purchased, and the names of the brokers in New York with whom the business was transacted, and testimony by one of the defendants that, while he did not personally see every order executed, he had no doubt that they were executed and the stocks bought or sold as the plaintiff directed, findings were warranted that the defendants fully performed their contract with the plaintiff and that the plaintiff knew or should have known that the defendants were making actual purchases and sales of the securities ordered;

(6) Where the originals of the defendants books were before the

trial judge, no error was committed in the admission in evidence of a photostatic copy thereof, used for identification;

(7) It was not to be inferred from the findings by the judge, which were appropriate to the second count, as to the intentions of the parties and that there was no evidence that the defendants failed to make actual purchases and sales, that he erred in ruling as to the burden of proof on the first count; and no error in that respect was shown;

(8) It was proper for the judge to refuse to rule that on all the evidence the plaintiff was entitled to recover whatever sums of money he had shown were paid to the defendants.

CONTRACT, with a declaration, as amended, described in the opinion. Writ dated December 31, 1921. The amount claimed under the first count was $30,000; that claimed under the second count was $60,000.

In the Superior Court, the action was referred to an auditor and afterwards was heard by *Sisk*, J., without a jury. Material facts found by the judge are stated in the opinion. The plaintiff asked for the following rulings, among others:

"1. On all the evidence the plaintiff is entitled to recover whatever sums of money he has shown to have paid to the defendants."

"4. Even if the defendants acted in good faith and intended that actual purchases and sales should be made for the plaintiff's account, they did not sustain the burden of proof resting upon them because they failed to show the actual purchases and sales in detail."

"9. If the plaintiff has a right to recover, he may recover on an account annexed for money had and received whether the contract between the parties was under the wagering contract statute or a contract to actually buy and sell for the plaintiff upon margin such property and securities as he should from time to time direct.

"10. Upon all the evidence the defendants have not shown that they made actual purchases and sales of securities on the plaintiff's account with them."

The judge refused to give the first ruling, and refused to give the others as inapplicable and immaterial in view of the findings of fact.

There was a finding for the defendant. The plaintiff alleged exceptions.

*John Jackson Walsh,* (*W. R. Bigelow* with him,) for the plaintiff.

*R. Donovan* & *H. W. Beal,* for the defendants.

CARROLL, J.    The first count in the plaintiff's declaration is on an account annexed for money had and received.    The second count is under the gaming statute, G. L. c. 137, §§ 4, 6.    At the hearing before the auditor the only count was on the account annexed, but he heard evidence on the theory that the motion to add a second count to the declaration would be allowed.    At the close of the evidence before the auditor, the plaintiff waived the second count.    The bill of exceptions shows that in the Superior Court the plaintiff relied on both counts, and the case was heard on both counts. The plaintiff and two of the defendants testified at the hearing in the Superior Court, and the auditor's report was in evidence.    Both counts were before the judge when he was asked to rule.    As the requests of the plaintiff were general requests, they were properly refused unless applicable to both counts.    All the findings of the judge were material on the second count which, it would seem, was the count principally relied on, although apparently it is not now argued.

The auditor found that the defendants were members of the New York and Boston stock exchanges; that the plaintiff paid money to the defendants as margins, and traded in the stock exchange with them; that it was the plaintiff's intention to have the money applied on his account in the purchase and sale of stocks; that the defendants proceeded to carry out the plaintiff's orders and many stocks were bought and sold for his account; that the plaintiff was of large experience as a speculator in the stock market and familiar with the customs of stockbrokers.    The auditor made this finding: "I do not find that . . . [the plaintiff] had any intention that the stock he bought should not be delivered to the defendants, or that the stock he sold short should not be delivered to the customer by the defendants, or that any of his transactions should be conducted otherwise than according to the general custom of stock exchange houses in properly buying and selling stocks for customers on margin."

At the hearing in the Superior Court, the judge, who heard

the case without a jury, found that the defendants complied with all agreements the plaintiff made with them; that he intended there should be actual purchases and sales and did not intend that there should not be such purchases and sales; that he knew or should have known the defendants were making actual purchases and sales of securities ordered by him, and that there was no evidence that they failed to make the sales or purchases. He found for the defendants.

. Under the second count, the plaintiff could not recover. He intended that the stock should be sold or purchased according to his orders. As there was no intent to the contrary, he could not prevail under the gaming statute. G. L. c. 137, §§ 4, 6. The statute refers to the plaintiff's intention concerning sales and purchases to be made by the defendants. As he intended there should be actual purchases and sales between the defendants and those from whom they bought or sold, the statute gave the plaintiff no remedy. *Zembler* v. *Fitzgerald,* 234 Mass. 236, 245. *Adams* v. *Hayden,* 236 Mass. 454, 459. *Ryan* v. *Whitney,* 257 Mass. 218, 223, 225.

Under the first count the plaintiff could not successfully contend that the statute gave him a remedy, when it was found as a fact that he intended the stocks should be sold or purchased as he directed. Sales on margin are not prohibited by the statute. The illegality or gaming prohibited by the statute is the buying or selling of securities or commodities, intending there shall be no actual purchase or sale.

At common law, under the count for money had and received, the plaintiff could recover if the agreement was that the defendants should make actual purchases and sales and they had failed to carry out this contract. This was decided in *Lonergan* v. *Peck,* 136 Mass. 361, *Greene* v. *Corey,* 210 Mass. 536, and *Crehan* v. *Megargel,* 235 Mass. 279. The burden was upon the defendants to prove that they did in fact make the sales and purchases and had in their possession or control available for delivery to the plaintiff the stocks which they purported to be carrying for him. *Crehan* v. *Megargel, supra,* and cases cited. On this point the auditor found that the defendants proceeded to carry out the plaintiff's orders to buy and sell. The judge found that the defendants complied

with all agreements "that the plaintiff has testified he made with them"; that the plaintiff knew or should have known that the defendants were making actual purchases and sales of the securities ordered; that there was no evidence that the defendants failed to make actual purchases and sales.

The plaintiff contends that his requests numbered 1, 4, 9, and 10 were refused, and that this refusal was error. The fourth request was that "Even if the defendants acted in good faith and intended that actual purchases and sales should be made for the plaintiff's account, they did not sustain the burden of proof resting upon them because they failed to show the actual purchases and sales in detail." This refusal to give the fourth request was not a ruling that the burden of proof of showing actual purchases and sales in detail was not on the defendant; see *Crehan* v. *Megargel, supra.* It was merely a refusal to rule that this burden had not been sustained. The judge specifically found that the defendants complied with all agreements the plaintiff testified were made with him; that the plaintiff did not intend there should not be actual purchases and sales. There was no error in the refusal to give this fourth request in view of all the findings of the judge.

The ninth request was covered by the findings made.

There was no error in the refusal to give the tenth request. That request was "Upon all the evidence the defendants have not shown that they made actual purchases and sales of securities on the plaintiff's account with them." The refusal to give this request was not a ruling as to the burden of proof. It was a refusal to rule or find on all the evidence that the defendants had not shown actual purchases and sales. It was found that the defendants fully performed their contract with the plaintiff and that the plaintiff knew or should have known that the defendants were making actual purchases and sales of the securities ordered. The findings were warranted. The judge had before him the auditor's report, and many exhibits showing in detail the stocks purchased and sold as well as confirmation slips; and one of the defendants testified that, while he did not personally see every order executed, he had no doubt that they were executed and the

stocks bought or sold as the plaintiff directed.   An exhibit (No. 17) which was a copy of the defendants' books showing the transactions of the plaintiff with the defendants was also in evidence, together with an exhibit showing the name of the stock, the number of shares, the name of the one to whom they were sold or from whom purchased, and the names of the brokers in New York with whom the business was transacted.   This testimony was for the trial judge and his findings based thereon were warranted, notwithstanding the testimony of one of the witnesses in cross-examination as to the extent of his knowledge of all the transactions in detail.   The plaintiff excepted to the admission of the photostatic copy of the defendants' books.   We interpret the record to mean that the books were before the court and the copy was used for identification.   There was no harmful error in the admission of this evidence.

The findings of the judge as to the intentions of the parties were material to the issues raised on the second count.   The finding that there was no evidence that the defendants failed to make actual purchases and sales was appropriate to that count.   It is not to be inferred from this finding that the judge erred in ruling as to the burden of proof on the first count, especially when it does not appear that any error was made in denying the rulings asked for, nor in any of the particular rulings made.

The first request was properly refused.

*Exceptions overruled.*