MADELINE E. HOOPER *vs.* ROBERT D. MAYO.

Plymouth.    November 6, 1936. — October 1, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Trust,* What constitutes. *Fiduciary. Equity Jurisdiction,* Accounting. *Contract,* Construction. *Equity Pleading and Practice,* Costs.

One in whose hands a sum of money had been left by agreement of the parties to a partial accounting subject to certain deductions and payment of the balance to the other party was a fiduciary and might be required to account in equity for such sum although he was not guilty of fraud or bad faith.

Under an agreement by which one held a sum of money for the purpose of "exonerating" himself from certain tax liability and "for the payment of any counsel fees or expenses which may be incurred by him to this end" and payment of the resulting balance to another, he was entitled to deduct only the fair value of legal services rendered him in connection with taxes, and was not entitled to compensation for his own services in that connection.

Disposition of an application for counsel fees and expenses incident to the defence of a suit for an accounting against a trustee was discretionary.

BILL IN EQUITY, filed in the Superior Court on September 27, 1935.

A final decree was entered by order of *Donahue*, J. The defendant appealed.

*M. C. Taylor*, for the defendant.

*J. W. Murdoch*, for the plaintiff.

DONAHUE, J. This is a bill in equity for an accounting brought by the plaintiff, asserting rights as assignee of her husband, Clifton E. Hooper. The case was referred to a master. Upon the filing of the master's report a motion of the defendant to recommit the case to the master was denied. No exceptions to the report are here argued. A final decree was entered which declared that the defendant held as trustee for the plaintiff the sum of $2,774.73 and ordered the defendant to pay that sum to the plaintiff. The defendant appealed.

Hooper had, in 1932, a contingent interest created under a will. He, at that time, entered into an agreement with the defendant, who was his creditor, whereby the defendant purchased the contingent interest and agreed that if the interest became vested he would deduct from what he received on account of it the amount of his debt and certain other sums and pay over the balance to Hooper. The interest later became vested and the defendant received about $21,000 thereunder.

Thereafter, in January, 1934, the defendant and Hooper had an accounting which was complete so far as matters here in issue are concerned, except as to the sum of $3,000 which remained in the hands of the defendant. They entered into a written agreement which recited the possibility that the defendant might be held liable for income taxes or gift taxes by reason of his having received and dealt with the interest under the will, and the desire of the parties that any such liability be paid out of the fund. It provided that the sum of $3,000 should be "retained for the purpose of exonerating Mayo [the defendant] from any tax liability and for the payment of any counsel fees or expenses which may be incurred by him to this end."

The defendant engaged counsel to represent him in the matter of what, if any, taxes must be paid by him. The only tax which eventually had to be paid was a tax of $10.18. After the question as to the taxes had been determined, the parties were in dispute as to the deductions the

defendant was entitled to make in accounting for the $3,000 held by him under the written agreement. In the meantime Hooper had assigned to his wife, the present plaintiff, all his interest in the fund held by the defendant under the written agreement. The plaintiff contended that she was entitled to receive from the defendant the sum of $3,000, less the amount of the tax which the defendant had been required to pay. It was the contention of the defendant that he was entitled to deduct from the sum of $3,000 five payments which he had made, aggregating $945.78.

The master found that three of the items, totalling $95.78, which the defendant had paid, were reasonable and proper deductions. He found that the payment of $750 as counsel fees to the attorney representing the defendant in the matter of tax liability was unreasonable and improper. He also found that the fair value of the services performed by the attorney was $250. The master further found that the deduction by the defendant of $100 for his own services in connection with settlement of the question of taxes was unreasonable and improper. He also found that, if as matter of law the defendant was entitled to compensation under the agreement, he rendered services in that connection of the reasonable value of $50. The evidence before the master is not reported. As these findings of fact are not inconsistent and nothing in the report shows that they are wrong, they cannot here be reviewed. *Samuel & Nathan E. Goldstein, Inc.* v. *Dietz,* 284 Mass. 548. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334.

The defendant declared in the written agreement that he "has retained and now holds out of the moneys received by him . . . the sum of $3,000 for the following uses and purposes: . . . ." The stated purposes were the exoneration of the defendant from tax liability, the payment of any counsel fees and expenses incurred by him in obtaining such exoneration, and the payment of the balance of the fund to the plaintiff's assignor. The agreement created a fiduciary relation which entitled the plaintiff to an accounting in her bill in equity. *Pratt* v. *Tuttle,* 136 Mass. 233. *Shea* v. *Shea,* 296 Mass. 143, 147. Since a fiduciary relation

existed, the plaintiff was entitled on an accounting to show that an incorrect charge had been made by the defendant, even though he was not guilty of fraud. *Craine* v. *Royster,* 255 Mass. 118, 120, and cases cited.

The defendant here has made a charge for the payment of counsel fees in an amount three times greater than the fair value of the services rendered by counsel, as determined by the master. The defendant in effect contends that he had the right in his discretion to pay any sum of money to counsel for services and deduct it from the fund, so long as he did not act in bad faith. We think that the language of the written agreement reasonably construed does not manifest the intent that the defendant should have such an unlimited right and that all the defendant was entitled to deduct from the fund was the fair value of any such services.

The defendant is entitled to be credited only with the payment of the three items aggregating $95.78 and with $250 for the services of the attorney in the tax matters, making a total of $345.78. The written agreement does not provide for the payment of anything to the defendant for services rendered by himself in connection with the tax matters and no deduction can be made for those services.

The final decree properly fixed the amount with which the defendant should be charged as $2,687.40 with interest thereon at six per cent from the date of the filing of the plaintiff's bill to the day the decree was entered. That decree must now be modified by adding interest at six per cent from the date of the final decree to the day of the entry of the final decree after rescript.

The defendant further contends that he is entitled to an allowance out of the fund for counsel fees and expenses incident to the defence of the present suit at the hearings before, the master, in the Superior Court and in this court. We assume as both parties here assume that the matter of the allowance of counsel fees and expenses was properly presented to the judge in the Superior Court and that he denied the application. "Counsel fees are awarded not as separate and distinct from costs but as a part of costs."

*Boynton* v. *Tarbell*, 272 Mass. 142, 145. It is provided by statute that in suits in equity "costs shall be wholly in the discretion of the court." G. L. (Ter. Ed.) c. 261, § 13. The granting or the denial of the defendant's application for counsel fees and expenses incident to the defence of the present suit rested in the sound discretion of the judge of the Superior Court. *Chartrand* v. *Chartrand*, 295 Mass. 293. *Perkins* v. *Horte*, 282 Mass. 301, 302. There is nothing in the record to indicate that his discretion was not properly exercised.

The final decree for the plaintiff entered in the Superior Court April 11, 1936, is to be modified in accordance with what is said in this opinion.

*Ordered accordingly.*