DENNIS T. CHOPELAS *vs.* CHRISTOS A. CHOPELAS & another, trustees, & another.

Middlesex.    November 5, 8, 1937. — April 13, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Jurisdiction*, Accounting.  *Equity Pleading and Practice*, Master; exceptions to report, recommittal.  *Trust*, Removal of trustee.

After confirmation of a report of a master stating fully an account between the plaintiff, a competent beneficiary under a trust still in existence, and the trustees, it was error to dismiss the suit: the state of the account as reported by the master should have been fixed by a final decree.

Orders and rulings in a suit in equity based on evidence not reported were not reversed on appeal.

An exception to a master's report must be overruled unless the alleged error on which it is founded appears on the face of the report.

The remedy for failure of a master to comply with a request for a summary of evidence under Rule 90 of the Superior Court (1932) is by motion to recommit.

No ground appeared for removal of a trustee, found to have performed his duties with reasonable skill, prudence and diligence and with nothing to show hostility on his part toward the beneficiary of the trust.

BILL IN EQUITY, filed in the Superior Court on June 13, 1934.

Orders and decrees appealed from by the plaintiff were entered after hearing by *Beaudreau, J.*

*H. J. Booras,* for the plaintiff.

*W. M. Blatt,* for the defendants.

DOLAN, J. This is a suit in equity for an accounting by the defendants as they are trustees under a deed of trust. The plaintiff is a beneficiary thereunder. A final decree dismissing the bill was reversed by this court in *Chopelas* v. *Chopelas,* 294 Mass. 327, and the case was remanded to the Superior Court for a "further statement of the receipts and expenditures by the trustees" (page 335). The facts as alleged in the bill are set out in the opinion in that case. They need not be repeated.

After rescript the case was recommitted by the judge of the Superior Court to the master, who thereafter filed a final report in which he stated the account of the defendant trustees from the inception of the trust to the time of the bringing of the bill. The plaintiff filed seventy-nine objections to the master's report. He also filed a motion to revoke and discharge the rule to the master and to strike his report from the records. This motion was denied, and the plaintiff appealed. The judge entered an interlocutory decree overruling the plaintiff's exceptions and confirming the master's report, and a final decree dismissing the bill, from each of which the plaintiff also appealed.

The court below had jurisdiction in equity to compel the accounting and to examine the entire account of the management of the trust. *Hobart* v. *Andrews,* 21 Pick. 526, 533. *Taft* v. *Stow,* 174 Mass. 171, 174. *Bennett* v. *Pierce,* 188 Mass. 186, 190. *Hayes* v. *Hall,* 188 Mass. 510. *Chamberlain* v. *Henry,* 263 Mass. 63, 66. *Hooper* v. *Mayo,* 298 Mass. 411, 413. Am. Law Inst. Restatement: Trusts, § 172, Comment c. Such a bill for accounting opens for determination the balance due to or from the accountants. *Goldthwait* v. *Day,* 149 Mass. 185, 187. *Hale* v. *Hillcrest Realty Co. Inc.* 276 Mass. 63, 71. *Zuckernik* v. *Jordan Marsh Co.* 290 Mass. 151, 153.

It is obvious that the final decree dismissing the bill

renders the whole proceeding futile. *Davidson* v. *Zieman,* 283 Mass. 492, 496. It does not set up a balance due to or from the defendant trustees. Although it appears from the report of the master that the trust has not terminated, the final decree establishes no basis for future accountings. The existence of the trust being undisputed, the duty of the defendants to account is manifest. The burden of accounting rests upon them. *Little* v. *Phipps,* 208 Mass. 331. *Chamberlain* v. *Henry,* 263 Mass. 63, 66. *Simmons* v. *Barns,* 263 Mass. 472. *Golden* v. *Proctor,* 266 Mass. 407. Since the final decree dismissing the bill could not be based either upon the incapacity of the plaintiff as a proper party or upon the nonexistence of a fiduciary relationship on the part of the defendants, it must be reversed.

The ground of the plaintiff's motion that the rule to the master be revoked and discharged and that his report be struck from the records, as set forth in an affidavit which accompanied the motion, is that the master, of his own volition, went to the office of the clerk of the Superior Court and read affidavits filed by the plaintiff that had reference to an item in controversy in the accounting and commented upon them in his report, although they were not before him in evidence. The evidence introduced at the hearing of this motion, other than the affidavit, is not reported, and the judge made no findings of fact in relation to his action denying the motion. The entry of the decree denying the motion therefore imports a finding by the judge of all facts necessary to support it. *North Easton Co-operative Bank* v. *MacLean,* 300 Mass. 285, 294, and cases cited. *Carilli* v. *Hersey,* 300 Mass. 329, 331. Moreover, the master having stated in his report that he did "not rely upon this situation," his conduct in this respect became of no effect. *O'Brien* v. *Keefe,* 175 Mass. 274, 278. *Jameson* v. *Hayes,* 250 Mass. 302, 308. There was no error in the denial of this motion.

The plaintiff's objections to the master's report became exceptions by implication of law. *Zuckernik* v. *Jordan Marsh Co.* 290 Mass. 151, 155. We consider only those

exceptions that the plaintiff has argued. Exception 1 relates to the subject matter we have just considered. Exceptions 2 to 30 inclusive, 43, 44, 45, 51 and 52, are concerned with the assertions of the plaintiff that the allowance of numerous items in the account as stated by the master was based on oral testimony of one of the defendant trustees. The plaintiff contends that no allowances could properly be made for receipts and expenditures by the defendant trustees except as they were evidenced by books of account and vouchers. The evidence is not reported, and it is settled that exceptions to a master's report must be founded on errors shown by the report itself and not on matters resting in the assertions of counsel, or in offers to prove facts by evidence outside the record. *Cook* v. *Scheffreen,* 215 Mass. 444, 447. *Baush Machine Tool Co.* v. *Hill,* 231 Mass. 30, 41. *Lamb Knitting Machine Co.* v. *Chicopee Manuf. Co.* 273 Mass. 506. In this connection we consider the plaintiff's complaint that the master, although so requested in the statement of objections, failed to set out "a brief, accurate and fair summary of so much of the evidence as shall be necessary" to determine such questions of law as were raised by the objections and which depended upon unreported evidence, as provided in Rule 90 of the Superior Court (1932). Upon the failure of the master to comply with this request, the remedy of the plaintiff was by motion to recommit the report to the master for that purpose. *Jones* v. *Keen,* 115 Mass. 170, 181. *Cook* v. *Scheffreen,* 215 Mass. 444, 447. *Pearson* v. *Mulloney,* 289 Mass. 508.

Since the plaintiff neglected to take appropriate steps to have the record show the foundation for the exceptions that we have just considered, it follows that they were properly overruled. Without intimating that in no circumstance could the accounting between the parties be stated upon oral evidence alone, it is not inappropriate to observe that the master states in his report that the defendants, who are of foreign birth and of limited schooling, kept a rent book which showed the receipt of all rents from the time they started to function, except from Con-

verse Square Lunch Co., and a check book showing the purposes for the issuance of each check, which also served as a cash book showing not only disbursements but also receipts.

The plaintiff has stressed exceptions 32 to 35 inclusive, 42, 45 (already considered in part), 46 and 47, as those upon which he principally relies. They relate to the findings of the master as to the amount due from the trust estate to the defendants individually for sums of money advanced by them from time to time for different purposes of the trust; and to his findings relating to the fair rental value of that part of the trust premises occupied by the Converse Square Lunch Co. (a corporation controlled wholly by the defendants individually). The evidence not being reported, the ultimate findings and allowances by the master as to these items must stand unless an examination of the subsidiary findings shows such inconsistencies between them that both cannot stand. An examination of the pertinent subsidiary findings does not disclose such inconsistencies and accordingly the ultimate findings must stand. The argument of the plaintiff that the evidence was inadequate to warrant the findings in question cannot avail him, since they may have been made upon evidence that was not before the judge and is not before us. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, 435, and cases cited. These exceptions were properly overruled, as were also, and for the same reasons, exception 9, to the allowance of an item of payment of a broker's commission in connection with the purchase by the trustees of the premises upon which the trust building was erected, exceptions 31 and 76, to the allowance of items of expenditure by the trustees in connection with the premises occupied by the Converse Square Lunch Co., and exceptions 55 and 56, relating to items allowed by the master for extras paid by the trustees in connection with the construction of the trust building.

The remaining exceptions are to the action of the master in response to thirty-eight requests stated to be requests for rulings. For the most part these requests were actu-

ally for findings of fact which the master was not obliged to make. *Warfield* v. *Adams*, 215 Mass. 506, 519. *Tuttle* v. *Corey*, 245 Mass. 196, 203. While the master did purport to act upon these requests, exceptions to his action did not lie since, in the absence of the evidence, no impropriety in his action appears. *Thompson* v. *Davis*, 225 Mass. 385. *Bartlett* v. *Roosevelt, Inc.* 258 Mass. 494. *Chamberlain* v. *Henry*, 263 Mass. 63. *First National Bank of Haverhill* v. *Harrison*, 271 Mass. 258. Some of the requests were for rulings of law. We have examined them and find no error on the part of the master in dealing with them that can be said to have affected his conduct in stating the account. These exceptions were properly overruled.

The plaintiff has argued that the facts found by the master warrant the removal of the defendants from their office as trustees. This contention cannot be sustained. The master found specifically "that the defendants, as trustees, acted fairly, with reasonable skill, prudence and diligence in dealing with the trust and as may be properly required of trustees whose duties are the same or" of a similar character; that they did considerable work in connection with the acquisition of the land and the construction of the building thereon; and that they have taken care of the work of rent collecting, attended to repairs, and performed the other duties connected with the management of the trust estate without making any charge for their services. There is nothing in the record to support contrary findings or a finding that the defendant trustees are hostile to the plaintiff.

The interlocutory decrees denying the plaintiff's motion to revoke and discharge the rule to the master, and to strike his report from the records, and overruling the exceptions to and confirming the master's report, are affirmed.

For reasons already stated, the final decree dismissing the bill must be reversed and the case remanded to the Superior Court for the entry of a proper decree stating the account of the defendant trustees in accordance with the terms of the master's report. *Davidson* v. *Zieman*, 283 Mass. 492, 496.

         *Ordered accordingly.*