HAROLD MILBANK & others *vs.* J. C. LITTLEFIELD, INC., & others.

Suffolk.    May 12, 1941. — September 30, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Assignment,* For benefit of creditors. *Equity Jurisdiction,* Accounting, To enforce trust. *Trust,* Accounting by trustee, Delegation of powers by trustee, Negligence of trustee, Breach of trust, Constructive, Trustee de son tort, Trustee's compensation. *Receiver. Equity Pleading and Practice,* Master: exceptions to report, recommittal; Decree.

No exception lies to the report of a master if the report contains no report of evidence, no inconsistent or unwarranted findings, and no rulings of law, and there was filed no objection accompanied by a request for a report of evidence under Rule 90 of the Superior Court (1932).

Although the report of a master in a suit for an accounting, brought against an assignee for the benefit of creditors of a corporation by one creditor in his own behalf and that of other creditors who might desire to join with him, did not state the account sought nor the names and amounts due the creditors other than the plaintiff nor what amount was due from the assignee because of numerous breaches of trust, the denial of a motion by the plaintiff, that the report be recommitted for further findings upon stated matters, some of which related to an accounting but none of which if made would have been sufficient

to show a proper accounting, did not constitute an abuse of judicial discretion.

In a suit in equity, brought by a creditor of a corporation in his own behalf and in behalf of all other creditors who might desire to join with him, against the corporation, an assignee for the benefit of its creditors, and the treasurer and general manager of the corporation, who also was its principal stockholder and a creditor, in which an accounting by the assignee was sought and a master found breaches of trust by the assignee, joined in by the defendant officer, but did not find the amount due the trust fund from either of the individual defendants nor state the account sought nor the names and amounts due the creditors other than the plaintiff, a final decree, merely establishing the claim of the single plaintiff against the corporation and ordering the corporation and the individual defendants to pay it, was reversed on appeal by all the defendants, and further hearings were ordered to determine the accountability of the individual defendants.

While an assignee for the benefit of creditors may avail himself of the services of others for the performance of administrative details of his trust, he is not justified in delegating his authority as trustee to another nor in committing the entire administration of the trust to him, and if he does so, he is accountable, in a suit in equity by a creditor who assented to the assignment, for damage resulting thereby to the trust property.

An assignee for the benefit of creditors who had been guilty of wilful neglect and gross negligence in the performance of his trust which resulted in damage to the trust property was properly denied compensation for his services.

Findings by a master in a suit for an accounting by an assignee for the benefit of creditors of a corporation, which was tried before him as though it were for an accounting both by the assignee and by a second defendant who was the principal stockholder, treasurer and general manager and a creditor of the corporation, that the second defendant had participated in breaches of trust by the assignee and had misappropriated its funds and other property, established the accountability of the second defendant as a constructive trustee.

Mismanagement by an assignee for the benefit of creditors, resulting in impairment of the trust property and abandonment of portions thereof, in prevention of the termination of the trust for several years, and in danger that what remained of the trust property might be dissipated, would warrant the appointment of a receiver for the protection of assenting creditors.

The accountability as a constructive trustee of one who participated in breaches of trust by an assignee for the benefit of creditors was to the assenting creditors for impairment of the trust property in the hands of the assignee, not to the assignor.

Bill in equity, filed in the Superior Court on October 17, 1939.

From the denial by *Baker*, J., of a motion to recommit the report of a master, and from an interlocutory decree

confirming the master's report, entered by his order, the defendants Solari and Littlefield appealed. All the defendants appealed from a final decree entered by his order.

*R. H. Lee,* for the defendants.

*A. C. Blake,* for the plaintiffs.

RONAN, J. This is a bill in equity, brought by a copartnership, as merchandise creditors of J. C. Littlefield, Inc., in their own behalf and in behalf of all other creditors who may desire to join, against J. C. Littlefield, Inc. (hereinafter called the corporation), one Solari, to whom the corporation made an assignment for the benefit of its creditors, and one John R. Littlefield, an officer and the principal stockholder of the corporation. The bill alleges that the corporation made this assignment to Solari (hereinafter referred to as the assignee) on December 5, 1932; that the plaintiffs assented to the assignment, relying upon an agreement of Littlefield that his claim for loans made by him to the corporation would be subordinated to the claims of the other general creditors; that notwithstanding this agreement the assignee intends to allow and pay this claim of Littlefield, which will result in decreasing the dividends payable to the other general creditors; that the assignee, contrary to a well recognized custom of the woolen trade that an assignee will not charge or accept compensation for his services, intends to pay himself $500 for such services; that the assignee contemplates turning over to Littlefield, without charge, all or substantially all of the stock of woolens in the possession of the assignee; and that the assets have been impaired by the neglect and mismanagement of the assignee. The bill prays for an injunction restraining the assignee from transferring assets; for an accounting by the assignee; for the appointment of a receiver; for an order denying compensation to the assignee for his services; for the establishment of the claim of Littlefield; for an order subordinating his claim to the claims of the other general creditors; and for general relief.

The case was referred to a master. We summarize the facts appearing in his report. The corporation was engaged in the tailoring business in Boston. When the assignment

was made on December 5, 1932, the assets of the corporation exceeded its liabilities, but collections were slow, business had been decreasing for some months, and current receipts were insufficient to pay its debts as they became due. The corporation had eighteen general creditors whose claims totalled $41,630.47. This amount included $23,-531.48 that was owed to Littlefield for money advanced to the corporation. All the creditors assented to the assignment. The plaintiffs assented in accordance with an agreement between them and Littlefield that he would not participate in any dividends until the claims of all the other general creditors had been paid in full. The assignment, which included all the assets of the corporation and provided for the exemption from liability of the assignee except for his wilful neglect or gross negligence, was for the period of eighteen months but was extended from time to time to March 1, 1939. The plaintiffs assented to the last extension.

The assignee took possession of the business and assets of the corporation. On December 5, 1932, he gave a power of attorney to Littlefield to indorse for collection and to draw checks and drafts upon the credit of the assignee. The assignee, who was seventy-three years of age and engaged in the silk business, was a friend of Littlefield. He devoted but little time to the business of the corporation after he became assignee, and from the date of the assignment until March 1, 1939, Littlefield was in as complete control of the property and the business as if he were the owner. From December 5, 1932, to March 1, 1939, the period during which the assignment was in force, the cash receipts of the business exceeded the expenses by $45,456.77. This sum has not been reasonably accounted for by the assignee or by Littlefield. The assignee permitted Littlefield to use the funds of the business in substantial amounts for Littlefield's personal use, for which neither the assignee nor Littlefield has furnished any satisfactory accounting. On March 1, 1939, the assignee turned over to Littlefield certain woolens, the entire stock of trimmings, and the furniture and fixtures of the corporation for the sum of $3,250. The assignee contended that he, the assignee,

owned this property on account of moneys advanced by him to the corporation during the period of the assignment. He also turned over to Littlefield a lot of woolens of the value of $600 as a deferred dividend. The master found that there was no justification for the transfer of any of this property to Littlefield. He further reported that after this transfer Solari "ceased to be assignee," and that the assets then consisted of merchandise of the fair value of $11,000, furniture and fixtures of the fair value of $675, and accounts receivable of an approximate value of $3,500. Littlefield, since March 1, 1939, has conducted the business as his own. The master further found that the assignee was not entitled to any compensation; that his services were of no value, and "resulted in a loss in the assets and business of said J. C. Littlefield, Inc., of not less than the sum of $32,721.68 or enough to have paid all of the creditors of said corporation in full on or before March 1, 1939; that said loss was caused by the willful neglect and gross negligence of the defendant Solari in the performance of his duties as such assignee"; and that if the plaintiffs were entitled to recover their claim was established in the amount of $6,197.36 with interest at the rate of six per cent a year from March 1, 1939.

Only the defendants Solari and Littlefield excepted to the master's report and appealed from the interlocutory decree overruling their exceptions and confirming the report. All three defendants appealed from the final decree ordering each of them jointly and severally to pay the plaintiffs' claim in the amount found by the master.

The exceptions of the assignee, Solari, and Littlefield to the master's report were properly overruled. Many of them were based upon the failure of the master to make further findings of fact or upon certain findings alleged to be vague and indefinite and not supported by the evidence. An exception based upon facts or testimony not appearing in the report but resting upon the assertion of counsel cannot be sustained. This principle applies when it is contended that the report should have contained additional findings or that some of the findings are wrong in point of fact.

*Tortorella* v. *H. Traiser & Co. Inc.* 284 Mass. 497. *Zucker-nik* v. *Jordan Marsh Co.* 290 Mass. 151. *Morin* v. *Clark,* 296 Mass. 479. *Wilbur* v. *Newton,* 302 Mass. 38. *Chopelas* v. *Chopelas,* 303 Mass. 33. We do not know that the state of the evidence required any of the additional findings desired by the excepting defendants. The subsidiary findings of the master are not inconsistent with the findings to which exceptions were claimed. These defendants have no just complaint to findings that do not appear on the face of the report to be erroneous. *MacLeod* v. *Davis,* 290 Mass. 335. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431. *Nelson* v. *Bailey,* 303 Mass. 522. The master reported that none of the parties requested him to report any questions of law and that he reported none. None of the objections filed with the master's report was accompanied by a written request that there should be appended to the report a brief, accurate and fair summary of so much of the evidence as was necessary to determine the correctness of any question of law raised by the objection. There was no compliance with Rule 90 of the Superior Court (1932). No exception as to a ruling of law was open. *Pearson* v. *Mulloney,* 289 Mass. 508. *Morin* v. *Clark,* 296 Mass. 479.

The defendants Solari and Littlefield filed a motion to recommit the master's report for further findings upon various matters, many of which related to items that would be included in an accounting by each of them. The report did not state the account sought by the bill, which was brought for the benefit of all the creditors who assented to the assignment. The names and amounts due to each of these creditors should have been determined by the master in order that their distributive shares in the proceeds of the trust property should be established. The master dealt only with the claim of the plaintiffs, although he found that there were not more than eight unpaid creditors. He did not find the amount due from either Solari or Littlefield. The report set forth numerous breaches of trust by the assignee and the mismanagement of the trust estate by Littlefield, but the findings are inadequate to compute the amount due from each of them. The motion to recommit

did not directly or by fair implication seek to supply this deficiency in the report. Its allowance would not result in a supplemental report that would be sufficient to base a decree upon and its denial did not constitute an abuse of judicial discretion.

The judge should have heard further evidence to enable him to state the account in his decree, or should have recommitted the master's report to him with instructions to state the account with mathematical certainty showing the balance due. *Daniels* v. *Daniels*, 240 Mass. 380. *Gadreault* v. *Sherman*, 250 Mass. 145. *Cutter* v. *Arlington Casket Co.* 255 Mass. 52. Instead of adopting this course, the judge followed the report and entered a final decree establishing the plaintiffs' claim and ordering all the defendants, jointly and severally, to pay it. This decree did not touch any matter of accounting. Upon a bill for an accounting the final decree should, in its ordering part, state and adjudicate the account and show the balance due from one party to the other. The final decree must be reversed. *Davidson* v. *Zieman*, 283 Mass. 492. *Arwshan* v. *Meshaka*, 288 Mass. 31. *Zuckernik* v. *Jordan Marsh Co.* 290 Mass. 151. *Chopelas* v. *Chopelas*, 294 Mass. 327; *S. C.* 303 Mass. 33, 34. *Dow* v. *Brookline Trust Co.* 308 Mass. 90.

We first consider the liability of the assignee. Upon the acceptance of the assignment of the corporation's property for the benefit of its creditors, the assignee held the property in trust, to be distributed proportionately up to the amount of their claims to those creditors who should become parties to the assignment by assenting thereto. *Draper* v. *Putnam*, 7 Allen, 172. *Collector of Taxes of Boston* v. *New England Trust Co.* 221 Mass. 384. *Davoren* v. *Nolan*, 244 Mass. 357. *B. B. Noyes Co.* v. *Ballard*, 253 Mass. 340. Williston, Contracts (Rev. ed.) § 350. The assignee was bound to administer the trust in accordance with the provisions of the assignment and in the interests of the assenting creditors, who were entitled to an accounting and to recover damages that had been sustained by them from a breach of trust by the assignee. *Libby* v. *Norris*, 142 Mass. 246. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461. *Boston*

v. *Turner,* 201 Mass. 190. *Digney* v. *Blanchard,* 226 Mass. 335. *Exchange Trust Co.* v. *Doudera,* 270 Mass. 227. As the receipt of the corporate assets by the assignee was shown, he assumed the burden of accounting for their proper disposition. *Little* v. *Phipps,* 208 Mass. 331. *Golden* v. *Proctor,* 266 Mass. 407.

The assignee did not give the time and attention required for the proper and faithful administration of the trust. The acceptance of the trust carried with it the obligation to act in good faith, to collect the assets, to convert them into cash, to distribute the proceeds proportionately among the assenting creditors as far as possible toward satisfying their indebtedness, and to transfer any surplus not needed for that purpose to the assignor. Solari was assignee for more than six years, and when he quit on March 1, 1939, he abandoned assets amounting to more than $15,000. A trustee may avail himself of the services of others for the performance of administrative details in order promptly and expeditiously to close up a trust. He secured the services of Littlefield, but he could not delegate his authority as trustee to Littlefield nor commit the entire administration of the trust to him. *Morville* v. *Fowle,* 144 Mass. 109. *Ashley* v. *Winkley,* 209 Mass. 509. *Davoren* v. *Nolan,* 244 Mass. 357. *Boston* v. *Curley,* 276 Mass. 549.

The assignment provided that the assignee "shall not be accountable for any loss or damage not occasioned by his willful neglect or gross negligence." Trust instruments containing similar and other exculpatory provisions purporting to restrict the general obligation ordinarily assumed by a fiduciary have frequently been before the court. *Warren* v. *Pazolt,* 203 Mass. 328. *Digney* v. *Blanchard,* 226 Mass. 335. *Anderson* v. *Bean,* 272 Mass. 432. *North Adams National Bank* v. *Curtiss,* 278 Mass. 471. *Peterson* v. *Hopson,* 306 Mass. 597. We need not pause to determine the extent of immunity given by the present provision because the master has found that considerable loss resulted from the wilful neglect and gross negligence of Solari in administering the trust. That finding, which was made upon unreported evidence and is not inconsistent with the subsidiary

findings, must stand.  *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431.  *Silversmith* v. *Sydeman,* 305 Mass. 65.

The conduct of the assignee is thus shown to have been not only worthless to the beneficiaries but also detrimental to them.  A denial of compensation to the assignee for services was warranted.  *Robertson* v. *Hirsh,* 276 Mass. 452. *Brackett* v. *Fuller,* 279 Mass. 62.  *Spilios* v. *Papps,* 288 Mass. 23.  *Raymond* v. *Davies,* 293 Mass. 117.

The participation by the defendant Littlefield in breaches of the trust by Solari and the wrongful use of the trust property by Littlefield were fully tried before the master. Evidence of the dealing of this defendant with the trust property was competent in settling the account of Solari; but as to the liability of Littlefield, the findings upon this evidence went beyond the scope of the bill, which did not seek any accounting from him.  It does not appear that he requested the master to limit this evidence to an accounting by Solari, or that he filed any objection to the report on the ground that such evidence should not have been considered upon his liability to account.  And the various grounds set forth in the joint motion of Littlefield and Solari to recommit warrant the inference that the suit was tried before the master as one for an accounting from both of them.  Littlefield was the treasurer and general manager of the corporation and its principal stockholder.  Upon findings of the master he continued, uninterrupted by the assignment to Solari, in the active management of the business and has continued in it since March 1, 1939, when the assignee ceased to act in that capacity.  The master further found that the assignment, which was made ostensibly for the benefit of the creditors, was in fact more for the benefit of Littlefield; that he had failed to account properly for cash receipts amounting to $45,456.77; that he had used funds belonging to the assignee for his own personal use for which he has not accounted; that he had also received certain assets to which he was not entitled; that he knew of the assignment and that the property was held in trust for the benefit of the creditors; that he participated in the mismanagement of the trust, and misappropriated funds

of the trust to his own use; and that he was in immediate control of the property and managed it as if he alone were the owner. Littlefield is accountable for the damage resulting from his misconduct. A common law assignee is liable for the diversion of the trust assets by a creditor of the assignor, and the latter may be joined with the assignee in a bill for an accounting brought by another creditor, and the creditor who has wrongfully received the trust property must restore the property or its value. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461, 467. Upon the findings of the master, Littlefield comes within the general principle that one who receives trust property with notice of the trust becomes himself a constructive trustee and bound to account to those having a beneficial interest in the property, and is liable to compensate them for the loss due to his wrongful conduct in handling the trust property contrary to the provisions and terms of the trust. *Childs, Jeffries & Co. Inc.* v. *Bright*, 283 Mass. 283. *Chapple* v. *Merchants National Bank*, 284 Mass. 122. *Proctor* v. *Norris*, 285 Mass. 161. *Locke* v. *Old Colony Trust Co.* 289 Mass. 245. *Jones* v. *Jones*, 297 Mass. 198. *Jones* v. *Swift*, 300 Mass. 177. *Berry* v. *Kyes*, 304 Mass. 56. *Tierney* v. *Coolidge*, 308 Mass. 255, 260.

The defendants sought a new trial on the ground that the principal witness for the plaintiffs had been convicted of forgery and larceny in the State of New York. There was no error in denying the motion. *Barrett* v. *O'Connell*, 295 Mass. 515. *Boston* v. *Santosuosso*, 307 Mass. 302, 353.

The master found that the mismanagement of the assignee and the misconduct of Littlefield have not only resulted in great impairment of the corpus of the trust but have prevented the termination of the trust which has now been pending for several years, and that when Solari ceased on March 1, 1939, to act further as assignee, he abandoned trust property worth more than $15,000, the present location or final disposition of which is not fully disclosed by the record, although the master reports that there is grave danger that the remaining assets of the trust will be dissipated to the point where the creditors will receive little

or nothing in satisfaction of their claims. In these circumstances, the appropriate remedy to protect the interests of the creditors who assented to the assignment would be the appointment by the Superior Court of a receiver of the trust estate. *Cook* v. *Flagg*, 233 Fed. 426. *Brown* v. *Duffin*, 13 Fed. (2d) 708. *Melville* v. *Weybrew*, 106 Colo. 121. *Harvey* v. *St. Petersburg*, 138 Fla. 597. *Rousseau* v. *Call*, 169 N. C. 173. *Rockwell* v. *Dow*, 85 N. H. 58. *Wagner* v. *Coen*, 41 W. Va. 351. Scott, Trusts, § 199.4. Am. Law Inst. Restatement: Trusts, § 199 (d).

Further hearings must be held to settle the account of Solari and to determine the balance due from him. The plaintiffs during the argument before this court offered a motion to amend the bill seeking to establish the liability of Littlefield to the plaintiffs "for the losses sustained by" the corporation on account of his misconduct "between February 5, 1932, and March 1, 1939." We assume December 5, 1932, the date of the assignment, was intended instead of February 5, 1932, and that the period intended to be covered was the time during which Solari was acting as assignee. The motion is not consistent with the frame of the bill of complaint. The plaintiffs are enforcing their rights as beneficiaries under an express trust and not as creditors of the corporation. The measure of Littlefield's liability is the loss sustained by the trust estate and not that sustained by the corporation, which had conveyed all its property in trust for the benefit of its creditors and was not entitled to share in the trust until after the expenses of the administration of the trust had been paid and the claims of the creditors satisfied. The motion in its present form is denied. Littlefield, however, should account for his mismanagement of the trust property, and if an appropriate amendment to the bill seeking an accounting from him is allowed by the Superior Court within thirty days after rescript, then further hearings should be held to fix the amount for which he is to be held liable. If no such amendment is allowed, then his liability is to be limited to the matters alleged in the bill. *Westfield Savings Bank* v. *Leahey*, 291 Mass. 473. *Royal Indemnity Co.* v. *Perry*, 296

Mass. 149. *Farinha* v. *Commissioner of Banks*, 303 Mass. 192. *Seder* v. *Kozlowski*, 304 Mass. 367.

The interlocutory decree confirming the report of the master and the order denying the motion to recommit, which we deal with as an interlocutory decree, are affirmed. The final decree is reversed and the suit is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*