ROBERTS, J.
This is an action of contract in which the plaintiff seeks recovery of a real estate commission alleging that he procured a purchaser for the defendant’s property upon a definite agreement and that said customer agreed to purchase upon the defendant’s terms.
The defendant filed a general denial and further answered that the customer referred to was not ready, willing and able to purchase the property on his terms.
At the trial, there was evidence that the plaintiff’s agent Litchfield procured one Curtis who made a written proposal to purchase certain real and personal - property of the defendant, situated in the town of Norwell, for $8500. The proposal was contained in a printed memorandum prepared by the plaintiff corporation, dated November 29, 1946, and a copy thereof was made a part of the report. The memorandum in question was incomplete in many details but provided for a payment of $100 as a deposit and further that “Contract-Deed shall be delivered on the 1st day of January 1947” — “on the property”, and no other reference was made in the proposal as to the terms of payment of the balance of $8400.
*[27] The defendant acknowledged the receipt of the deposit paid by Curtis and admitted endorsing his signature to the “proposal” but denied the acceptance of the customer and testified that his signature was affixed to the proposal upon certain terms and conditions known and assented to by both Curtis and the plaintiff. The terms as testified by the defendant were that the deal was to go through on or before January 1, 1947, and that the balance of $8400 was to be paid in full at that time.
There was evidence that Curtis did not have the funds to complete the transaction and that sometime prior to January 1, 1947, he notified the defendant that he (Curtis) could not go through with the deal as agreed because he did not have the money following which the deposit was forfeited and the proposal was called off by mutual consent of all the parties to the transaction.
There was evidence that a sale took place sometime later between the defendant and Curtis and his wife without the participation or knowledge of the plaintiff and under terms which were not the same as the original arrangements.
At the conclusion of the evidence the plaintiff filed certain “Requests for rulings” and in dealing with these requests the court found that the plaintiff agreed with the defendant to procure a customer who was ready, willing and able to purchase the property on the defendant’s terms but found that the customer produced was accepted as such by the defendant but upon conditions and was not ready, willing and able to purchase on the agreed terms. The court also found that there was no fraud or collusion between the parties following which the court found for the defendant.
While it is true that ordinarily a broker need not consummate the sale to earn his commission but has merely to “procure a buyer,” Stone v. Melbourne, 1950 A. S. 1077, it is essential to prove that the customer was able, ready and willing to purchase on the defendant’s terms, or that the defendant unconditionally accepted him as such. Kacavas v. Diamond, 303 Mass. 38, 91.
The burden of proving the acceptance of the customer was upon the plaintiff, and the trial court was not required to make such a finding and had a right to find “I do not find the customer was unequivoCably *[28] accepted” in the denial of the plaintiff’s first request for ruling. Hoffman v. Chelsea, 315 Mass. 54, 56. While the evidence was in conflict, the court’s findings of fact seem fully warranted on the evidence reported and as these findings were based almost wholly on oral evidence they are not the proper subject for review by this court and cannot be reversed on this appeal. Woodman v. Haynes, 289 Mass. 114; Rendle Co. v. Conley & Daggett, 313 Mass. 712.
Louis G. Stone, Atty. for PIff.
William F. Huntley, Atty. for Deft.
The only remaining question arises as a result of the plaintiff’s claim in the report that it is “aggrieved by the court’s treatment of its requests.” While it is not clear how the plaintiff is aggrieved by the court’s treatment of its requests” we treat the appeal as though it concerned the denial of the plaintiff’s first, third and sixth requests. Each of the requests in question was not properly phrased to express a request for a ruling of law. Geraci v. A. G. Tomasello & Son, Inc., 293 Mass. 552, 553, and was in effect a request for a finding of fact and the trial court could have denied them or refused to entertain them on this basis. Gibbons v. Denoncourt, 297 Mass. 448; Gosselin v. Silver, 301 Mass. 481.
However the court having elected to act upon these requests we are of the opinion that its denial of the requests on the basis of the findings of facts contrary to those which it was asked to assume was proper. Memishian v. Phipps, 311 Mass. 521; Perry v. Hanover, 314 Mass. 167.

Report dismissed.