ROBERT W. MORVILLE, JR. *vs.* GEORGE W. FOWLE & others.

Suffolk. Jan. 26. — Feb. 25, 1887. C. ALLEN & HOLMES, JJ., absent.

If a final decree of a justice of this court, sitting in equity, is appealed from, without a report or request for a report of the evidence or facts upon which the decree was made, the only question presented is whether the decree is warranted by the allegations and prayer of the bill.

A conveyance of land, "in trust for the uses of a Sabbath school and for the diffusion of Christian principles as taught and practised by Christian Evangelical denominations, with power to erect, repair, and renew from time to time all buildings necessary to carry out the object and purposes of the trust," constitutes a public charity.

Land was conveyed to A., B., and C. "in trust for the uses of a Sabbath school
and for the diffusion of Christian principles as taught and practised by Christian
Evangelical denominations, with power to erect, repair, and renew from time to
time all buildings necessary to carry out the object and purposes of the trust;"
and "with full power to sell or exchange said land and improvements, when-
ever, in the judgment of said trustees or of their successors, another location
would better subserve the objects and purposes of said trusts." A building was
erected on the land by the trustees, and was occupied and used for the uses and
purposes named in the trust deed. Afterwards A. and B., without the consent
and against the wishes of C., conveyed the premises to a religious corporation,
discharged from all trusts named in the trust deed. On the same day, without
C.'s knowledge or consent, A. and B. received from the corporation a deed pur-
porting to convey to A., B., and C. as trustees, to be held upon the trusts stated
in the original trust deed, a certain other parcel of land, recited to be given as
an exchange for the premises conveyed to the corporation. Four days later,
without C.'s knowledge or consent, A. and B. reconveyed to the corporation the
parcel of land which the corporation had previously conveyed to the three trus-
tees. This deed was without consideration other than the conditions stated
therein, which bound the corporation to erect upon the premises a building
suitable for Sabbath school work, and, in substance, to perform all the trusts
imposed upon the trustees by the original trust deed; and provided "that, when
these premises or some other which may be substituted for them shall cease to
be used in accordance with the foregoing conditions, the same shall revert to
the grantors or their successors, to be held under the original trust." Held, that
C. could maintain a bill in equity against A. and B. and the corporation to have
the several conveyances declared void, and to compel a reconveyance of the land
named therein.

BILL IN EQUITY, by one of three trustees under a deed of
trust, against George W. Fowle and Nicholson Broughton, Jr.,
his co-trustees, and the Boylston Congregational Church, a re-
ligious society duly incorporated by law, to have certain deeds
declared void, and to compel reconveyances of the land named
therein. At the hearing, a decree was ordered for the plaintiff,
in accordance with the prayer of the bill; and the defendants
appealed to the full court. The facts appear in the opinion.

*L. M. Child*, for the defendants.

*C. G. Keyes*, for the plaintiff.

DEVENS, J. If a final decree of a justice of this court is
appealed from, without any report or request for a report of
the evidence or facts, the only question presented is whether the
decree is warranted by the allegations and prayer of the bill.
*O'Hare* v. *Downing*, 130 Mass. 16.

The plaintiff and the two individual defendants were trustees
under a deed, by which certain land was conveyed "in trust for
the uses of a Sabbath school and for the diffusion of Christian

principles as taught and practised by Christian Evangelical denominations, with power to erect, repair, and renew from time to time all buildings necessary to carry out the object and purposes of the trusts herein described." This constituted a public charity. There was no definite body, for whose use the gift was intended, capable of receiving, holding, and using it in the manner provided, and there was a duty to be performed towards such part of the public as should desire instruction in Christian principles as taught and practised by what are known as the Evangelical denominations. *Old South Society* v. *Crocker*, 119 Mass. 1.

The deed to the trustees contained a clause, by which they were invested " with full power to sell or exchange said land and improvements, whenever, in the judgment of said trustees or of their successors, another location would better subserve the objects and purposes of said trusts." A building having been erected on the premises by the trustees, and having been occupied and used beneficially for a Sabbath school, and for the uses and purposes named in the trust deed, the defendant trustees, without the consent and against the wishes of the plaintiff trustee, conveyed the premises to the defendant corporation on March 21, 1884, discharged from all trusts named in the trust deed. On the same day, without the knowledge or consent of the plaintiff, they received from the defendant corporation a deed purporting to convey to themselves and the plaintiff as trustees, to be held upon the trusts stated in the original trust deed, a certain other parcel of land, it being recited to have been given as an exchange for the premises conveyed to the defendant corporation. On March 25, 1884, without the knowledge or consent of the plaintiff trustee, the defendant trustees reconveyed to the defendant corporation the parcel of land which had been conveyed to themselves and the plaintiff trustee by it, as above stated. This deed was without consideration other than the conditions stated therein, which bound the defendant corporation to erect upon the premises a building suitable for Sabbath school work, and, in substance, to perform and execute all the trusts imposed upon the trustees by the original trust deed. These conveyances must be treated as one transaction, and their intended purpose was to exchange the original trust

property for other premises, to substitute a new trustee for those named in the trust deed and their successors, who should execute the trust upon such other premises, so far as the trust was to be locally executed, and to release the trustees from all duties as trustees, or control over the trust property in its ordinary administration. This latter deed was made " upon the condition that when these premises or some other which may be substituted for them shall cease to be used in accordance with the foregoing conditions, the same shall revert to the grantors or their successors, to be held under the original trust," &c. All therefore that was left to the trustees was a right of entry upon the premises for condition broken.

Regarding these deeds as constituting but a single transaction, even if the plaintiff had concurred in it, we do not see how it could be sustained. The donor had selected the trustees for his gift, had provided how vacancies in the board of three trustees should be filled, and directed that the trust should be administered by them and their successors as thus selected. He had given no authority to transfer this property, or the administration of the trust, to an individual, or to a corporation which acts as a unit. The large discretionary powers with which the trustees were invested were to be exercised only after the consideration and discussion which would be given by the trustees composing the board, and as the result of their judgment. To confide all these to a corporation acting as a unit, and to reserve to themselves only a right of entry in case they were not properly exercised, was to attempt to impose upon another duties they were bound themselves to perform, and to violate the trust they had accepted. However honorable their motives may have been, even if all the trustees had concurred, they had no authority to make such a conveyance.

It is the contention of the defendants that this transaction may be separated into distinct parts ; and that, even if the deed to the defendant corporation must be pronounced invalid, the other two deeds may be sustained. We do not think the transaction is susceptible of this division. To convey the trust property, with the buildings thereon necessary for the execution of the trust, discharged from all trusts, and to receive in exchange a lot of land without buildings, which would be comparatively

valueless for the purposes of the trust but for the agreement
and conditions contained in the subsequent deed to the defend-
ant corporation, by which it bound itself to erect suitable build-
ings thereon, would appear plainly a violation of the duties
of the trustees. But, assuming that the transaction could be
divided, we are not of opinion that the power to sell or ex-
change the trust property given by the deed is one that could be
exercised by two of the trustees without the consent of the third.
A distinction has certainly been drawn between the powers of a
majority of the trustees where a private and those where a pub-
lic trust has been created, it having been held that in the latter
many powers of the trustees may be exercised by a majority.
*Ward* v. *Hipwell*, 3 Giff. 547. It will be seen, upon examination,
that in most, if not all, of these cases, the powers thus exercised
are those of administration only, as in the selection of an agent,
a schoolmaster, or a clergyman, or in the performance of purely
incidental matters, such as provision for buildings or the care of
them. *Wilkinson* v. *Malin*, 2 Tyrw. 544. *The King* v. *Beeston*,
3 T. R. 592. *Withnell* v. *Gartham*, 6 T. R. 388. Even if some
of them may go further than this, there are none which permit
to the majority the exercise of the powers conferred on trustees,
where the character of the instrument, or the nature of the
trust, fairly shows that all should join. The power to sell or
exchange quoted above was a special and peculiar one, to be used
whenever, in the judgment of the trustees, another location would
better subserve the purposes of the trust. The land originally
granted was designed as the location of the charity by the do-
nor; nor was it intended to be changed but upon the concurrent
and collective judgment of the trustees, unless authorized by a
court of competent jurisdiction. *Chapin* v. *Chicopee Universalist
Society*, 8 Gray, 580. *Austin* v. *Shaw*, 10 Allen, 532. *Attorney
General* v. *Federal Street Meeting-House*, 3 Gray, 1. *Sloo* v. *Law*,
3 Blatchf. 459. *In re Smethwick Congregational Church*, W. N.
1886, 196.                                   *Decree affirmed.*