M. FLORENCE SHERRY & others *vs.* MARY E. LITTLE.

Bristol.   January 6, 1960. — June 24, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Executor and Administrator*, Relinquishment of power.   *Probate Court*, Answer.   *Contract*, Validity.   *Fiduciary.*

In a will appointing as coexecutrices and cotrustees the testator's wife, who was the principal beneficiary, and the manager of corporations whose stock formed the bulk of the estate, a provision that if "coexecutors or co-trustees disagree while my wife is an executor or trustee then her decision shall control" conferred on the wife for her benefit and that of other beneficiaries a power which was an integral part of the testator's plan and which was not validly renounced by her by a purported renunciation set forth in an agreement made by her with her coexecutrix and cotrustee without notice to the other beneficiaries or approval of the Probate Court and in the absence of any exigency necessitating such a departure from the testator's wishes; and a further provision of the agreement that the wife would upon request "institute such proceedings and do all other things as . . . [might] be deemed necessary by . . . [the coexecutrix and cotrustee] to further confirm and fully effect the renunciation" of the power was likewise invalid. [228–229]

---

[1] The relevant provision of the Uniform Commercial Code is G. L. c. 106, § 2–607, as appearing in St. 1957, c. 765, § 1.

In a proceeding in a Probate Court to set aside as invalid an agreement
made by the petitioner as executrix and trustee under her husband's
will with the respondent, her coexecutrix and cotrustee, to relinquish a
controlling power of decision given the petitioner by the will, there was
no error in an interlocutory decree striking from the answer, which con-
tained no specific prayer for affirmative relief, allegations setting forth
no facts affording a defence or constituting a counterclaim.    [229–230]

PETITION IN EQUITY, filed in the Probate Court for the
county of Bristol on January 17, 1958.

The case was heard by *Mullaney, J.*

*James M. Langan,* for the respondent.

*John T. Farrell, (John T. Farrell, Jr., & James T. Wal-
dron* with him,) for the petitioners.

WILLIAMS, J.    This is a petition by M. Florence Sherry,
the widow of William H. Sherry, and their three daughters,
who are beneficiaries under his will and his sole heirs at law,
to determine the validity of an agreement made by Mrs.
Sherry as coexecutrix of her husband's estate and cotrustee
under his will with her coexecutrix and cotrustee, Mary E.
Little, the respondent, to release and waive a controlling
power of decision given Mrs. Sherry by the will.    The case
is here on the appeals of the respondent from an interlocu-
tory decree striking out certain allegations of her answer,
and from a final decree declaring the agreement to be null
and void and enjoining the respondent from taking any ac-
tion thereunder.

It appears from the evidence which is reported and from
the voluntary findings of the trial judge that William H.
Sherry, late of Fall River, died on January 11, 1956, leaving
an estate, the bulk of which consisted of stock in three cor-
porations, Sherry Corporation, Sherry Service Company,
and Assonet Sand and Gravel Company, with a total value
of over $400,000.    In his will which was executed on Decem-
ber 31, 1955, he bequeathed all of his tangible personal prop-
erty to his wife and the balance of his estate to the trustees
of two trusts.    The principal of the first trust which was
called the M. Florence Sherry Trust was in an amount
"equal to the maximum estate tax marital deduction allow-
able in determining the Federal estate tax," as diminished

by certain deductions. The net income from this trust was payable quarterly to his wife during her life, together with such part of the principal as "from time to time . . . she may request." She was given "the absolute power to appoint by her will, as she may in her sole discretion elect, the entire corpus of this trust, free of trust, to her estate." If the power was not fully exercised the corpus of the trust was to fall into the residue of the testator's estate, which comprised the principal of the second trust. The income from this residuary trust was also payable quarterly to his wife during her life, and upon her death the principal was to be distributed in accordance with a prescribed formula among his children then living and the issue of those who had predeceased his wife.

Mrs. Sherry and Miss Little were nominated in the will as executors and designated as trustees of both trusts. In addition to their "ordinary powers" special powers were given them in both capacities with authority to exercise them "without court approval." It was provided that "[i]f either does not act, the other shall be sole executor. If both do not act then The Old Colony Trust Company . . . of Boston . . . shall be sole successor executor. . . . Any trustee may resign by mailing a written resignation to income beneficiaries twenty-one (21) years of age or older. The resignation shall take effect immediately upon the mailing of notice. . . . If co-executors or co-trustees disagree while my wife is an executor or trustee then her decision shall control except as to powers expressly delegated to others than herself."

The will was probated and Mrs. Sherry and Miss Little were appointed executrices. Their first account for the period from February 9, 1956, to February 8, 1957, was assented to by a guardian ad litem for unborn and unascertained persons and the minor children of Mrs. Sherry's daughters, and was allowed by the court. The trusts have never been "set up."

On November 8, 1956, Mrs. Sherry and Miss Little, as individuals and in their respective capacities as executrices

and trustees, executed the written agreement which is the subject of this petition. Therein it was stated that "Whereas Mary E. Little deems that the possible exercise of . . . [the controlling] power by M. Florence Sherry might result in decisions being made in the names of the co-executrices and co-trustees contrary to Mary E. Little's understanding as to her duties as a fiduciary and contrary to the best interests of the estate and trusts under the will of William H. Sherry, and; Whereas Mary E. Little has contemplated resigning as co-executrix and co-trustee because of these facts, and; . . . Whereas M. Florence Sherry believes that the will and trust of William H. Sherry will be more efficiently administered by herself and Mary E. Little as co-executrices and co-trustees with equal powers, it is therefore agreed . . . as follows: 1. M. Florence Sherry hereby forever releases and waives all authority and power granted to her under the will of William H. Sherry by virtue of the provision stating substantially the following: 'If co-executors or co-trustees disagree while my wife is an executor or trustee then her decision shall control except as to powers expressly delegated to others than herself.' 2. M. Florence Sherry will upon request of Mary E. Little institute such proceedings and do all other things as may be deemed necessary by Mary E. Little to further confirm and fully effect the renunciation of such power . . . . 3. Mary E. Little will continue to serve as co-executrix and co-trustee . . . ." The instrument was acknowledged as her free act and deed by each of the parties before a notary public.

The present petition was filed on January 17, 1958. In paragraphs 32, 33, 34, and 36 of her answer the respondent alleged that Mrs. Sherry had caused unreasonable salaries and bonuses to be paid her by the corporations; had wasted their assets; had neglected to perform her duties as executrix; and is "unfit and unsuitable to have sole authority as fiduciary." These paragraphs were ordered struck by interlocutory decree and the respondent appealed.

The judge found that since the death of the testator the

general management of the corporations had been "almost entirely in the hands" of Miss Little. Mrs. Sherry, while president and director of each corporation, relied wholly upon Miss Little for information concerning them and the estate "and because of a state of mutual faith and reliance on the integrity of each other, the corporation business was carried on for some time with a minimum of friction." There were no differences between them so far as the estate was concerned. Early in 1957 certain differences arose respecting the management of the corporations which appeared of minor significance to Mrs. Sherry but of major importance to Miss Little. The latter "indicated" she would resign. "[O]n all matters of importance in the Sherry corporations' businesses brought to the attention of the court, . . . [Mrs.] Sherry did not dispute but went along with the decisions made by . . . [Miss] Little." The agreement of November 8, 1956, was executed after extensive conferences. Mrs. Sherry did "not understand that she was waiving her veto power but that she was . . . 'formalizing' . . . an agreement to continue to work along with the co-executrix."

A final decree was entered which in part read as follows: "[I]t appearing that without conscious deceit and without actual misrepresentation on the part of said Mary E. Little, the said M. Florence Sherry signed the purported agreement to waive the veto power without being fully informed as to the nature and effect of the instrument and without a proper knowledge and understanding of its significance, and that the said instrument was signed without notice to the beneficiaries and without the approval of this court; after hearing and consideration, the court orders and decrees that the said instrument is declared null and void and the respondent is permanently enjoined from taking any action thereunder." The respondent appealed.

The power, which by their agreement the executrices sought to abrogate, is an integral part of the testator's plan for the administration of his estate. No question is raised as to its propriety. It was granted to his wife, who was

given a predominant interest in the estate, for her own benefit and for the benefit of her daughters and their issue. The executrices having accepted the 'trust are obligated to administer it according to the terms prescribed by the testator subject to the supervision of the Probate Court by which they were appointed. *Worcester County Natl. Bank, petitioner,* 263 Mass. 444, 454. *Reed* v. *Home Natl. Bank,* 297 Mass. 222, 225. *Estate of Greenberg,* 15 Ill. App. 2d 414, 419. Neither can resign as executrix without its consent. *Sears* v. *Dillingham,* 12 Mass. 358, 359–360. *Shattuck* v. *Wood Memorial Home, Inc.* 319 Mass. 444, 451. Nor can they depart from the directions of the testator except by leave of court and then only "upon proof of the most pressing exigency." *Winthrop* v. *Attorney Gen.* 128 Mass. 258, 261. See Restatement 2d: Trusts, § 167, comment e on subsection 2. There is no evidence of present or impending necessity. There has been no material change of circumstances. It does not appear that Mrs. Sherry has ever exercised her power or intends to exercise it in a manner harmful to the estate. Apparently she has left the management of the corporations to Miss Little. There has been some difference of opinion as to permitting one or more of the daughters to participate in the corporate management but Mrs. Sherry has not been insistent on this point.

We think that the attempted relinquishment of the controlling power by Mrs. Sherry, without notice to the other beneficiaries and without the approval of the court, was of no legal effect and that her agreement to confirm and effect the renunciation upon request by Miss Little amounted to an engagement to commit a breach of trust. It was a promise by a fiduciary to act in violation of her duties and was invalid. Williston, Contracts (Rev. ed.) § 1737, p. 4904. Restatement 2d: Trusts, § 170. *Pike* v. *Pike,* 266 Mass. 186, 188. *Rice* v. *Wood,* 113 Mass. 133, 135. See *Hellier* v. *Achorn,* 255 Mass. 273, 280, and cases cited.

Paragraphs 32, 33, 34, and 36 of the respondent's answer were properly struck. They alleged no facts which af-

forded a defence to the petition and cannot be construed as a counterclaim. They are not so designated and there is no specific prayer for affirmative relief.

*Interlocutory and final decrees affirmed.*