CITIES AND TOWNS
Under 11 O.S. 48-102 [11-48-102] and 11 O.S. 50-106 [11-50-106] (1977), the trustees of the various police pension and retirement systems of the state, cities, and towns of Oklahoma may not invest in a pooled fund restricted to such police pension systems managed by a trust consultant. However, under 11 O.S. 60-106 [11-60-106](4) (1977), a board of trustees may hire a trust consultant for the purposes of advice on how pension funds should be invested, while retaining final authority to make investment decisions. Under 11 O.S. 50-106 [11-50-106](4)(d) (1977), the boards are specifically authorized by statute to invest a specific portion (1/3) of pension funds in a type of pooled fund defined as a mutual stock plan, if they so desire. In such an instance, the statute specifically requires the advice of a trust consultant. The statutory restrictions and stated objectives of the fund prescribed by law must be followed by the various boards of trustees in making pension fund investments. This opinion construes the recently enacted sections of the Municipal Code which apply to the Police Pension and Retirement System and that such opinion shall not be effective until July 1, 1978, when the new law becomes effective. The Attorney General has had under consideration your request for an opinion wherein you in effect ask: May the trustees of the Police Pension and Retirement Systems of the state, cities, and towns of the State of Oklahoma employ trust consultants and invest in a pooled fund managed by such trust consultants on an agency basis, if the pooled fund is restricted to the Police Pension Systems in the State of Oklahoma and managed according to the objections and restrictions set out in the statutes governing the Police Pension and Retirement Systems of the State of Oklahoma? Your question presents several other issues which first must be determined before the subject of inquiry may be resolved. As to the power of the trustees to employ a trust consultant, the pertinent part of 11 O.S. 541 [11-541](e) (1971) provides that the trustees of the various municipal police pension and retirement boards have the power to pay from the fund "all of its necessary expenses, and to pay for actuarial and such other services as shall be required to transact business of the pension and retirement system. . . ." (Emphasis Added). 11 O.S. 541 [11-541](d) in fact requires the advice of a professional investment counselor before the trustees may purchase equities, stocks, or invest in mutual stock plans. In the 1977 legislative session, 11 O.S. 541 [11-541](e) was repealed, reenacted, and codified at 11 O.S. 50-106 [11-50-106] (1977), Municipal Code, effective July, 1978, to specifically authorize the Board of Trustees of a police pension and retirement fund of any municipality to "contract for the management and investment of said funds with a national or state chartered bank and trust company authorized to do trust business in the State of Oklahoma, or an investment advisor registered with the Securities and Exchange Commission under the Investment Advisor's Act of 1940, or registered under the Oklahoma Securities Act of 1959, or a broker-dealer who is a member of a recognized securities exchange and is registered under the Oklahoma Securities Act of 1959." It is clear, then, that the Legislature has contemplated and authorized the employ and use of professional trust consultants by city boards to advise them in the investment of the funds entrusted to their care, as well as, required the boards to procure professional advice when seeking to make investments in equities, stocks, or mutual stock plans. Secondly, it becomes necessary to consider to what extent the trustees may delegate the decision-making authority vested in them to the employed trust consultant. Title 11 O.S. 541 [11-541](e) (1971) enumerates the general powers of the Boards of Trustees as follows: "4. Invest and reinvest funds of the Police Pension and Retirement System . . . "5. Hold, purchase, sell, assign, transfer, or dispose of any of the securities and investments in which in any of such funds shall have been invested . . ." The pertinent part of 11 O.S. 541 [11-541](d) (1971) states unequivocally that: "No money belonging to the funds of said Police Pension and Retirement System shall ever be disbursed for any purpose without a vote of a majority of the members of the Board of Trustees . . ." (Emphasis Added) A reading of these two provisions clearly shows that the statute prohibits the Board from delegating total discretionary authority for the disbursal or investment of pension funds to anyone, though it can rely upon the advice of its consultant. The Board itself must make the final decision as to the investment, transfer, purchase, assignment, sale, or disposal of pension assets by a vote of the majority. This mandate is consistent with the common-law principles of trust law which state that a trustee must not delegate duties for which he is personally responsible nor may he delegate duties which require acts of discretion. A trustee may generally assign only the "ministerial powers" he possesses to another. Bogert, The Law of Trusts, Section 92, page 331 (5th Ed. 1973); Morville v. Fowle,144 Mass. 109, 10 N.E. 766; In Re Johnson, D.C. Okl.,518 F.2d 246 (1975) . Therefore, consonant with generally recognized prudent business practices, the Boards are authorized to employ trust consultants to advise them as to which investments are prudent and desirable within the goals set by the trustees. However, the discretionary responsibility for making the final decision on each investment must be retained by the Boards. Finally, it must be resolved as to whether the trustees of a municipal police pension fund may lawfully authorize a consultant firm to pool and co-mingle the pension fund with other like municipal police pension funds or other unrelated funds entrusted to the firm's investment management service. Title 11 O.S. 48-102 [11-48-102] (1977) of the Municipal Code effective July 1, 1978, which repeals and supersedes 11 O.S. 551-4 [11-551-4] (1973) states in part that: "Any municipality or any municipal authority may combine or pool by contract with other municipalities and authorities pension and retirement funds for purposes of management and investment and may create a single board of trustees for such purposes. The provisions of this section shall not apply to Fireman's Relief and Pension Fund nor to Police Pension and Retirement Systems Funds." (Emphasis Added) The above quotation from the general statute dealing with municipal retirement systems specifically excepts the Police Pension System from the powers and privileges granted other retirement systems. Legislative intent is clear, then, that the special statute governing the Police Pension and Retirement System is to provide the exclusive legal basis for all actions taken by the Police Pension Boards regarding the investment of trust funds. Such an interpretation is consistent with a general rule of statutory construction which states that a special statute primarily dealing with a particular subject and prescribing the terms and conditions thereof shall prevail over a general statute which is broad enough to cover the same subject matter. State, ex rel. Williamson v. Evans, Okl. Cr., 319 P.2d 1112 (1957). The statute creating the Police Pension and Retirement System is very specific in enumerating the powers and duties entrusted to the Boards in the handling of pension funds. The Legislature set out with particular care every authorized investment in 11 O.S. 50-106 [11-50-106] of the 1977 Municipal Code. Evidently, the Legislature did not contemplate any method of investment of pension funds other than those listed in that section. It should be noted, that where there is a statutory listing of investments, as here, a trustee is in all probability protected against any claim of breach of trust if he uses reasonable care and follows that listing of approved investments. In Re Trusteeship of Minneapolis Trust Co., 202 Minn. 187, 277 N.W. 899. The Legislature did not authorize the creation of a central board of trustees to manage such a pooled pension fund, which would be a practical necessity due to the aforementioned duty of each board of trustees to make the final decision on each proposed investment. Therefore, in answer to your final question, it is the opinion of the Attorney General that the pooled investment of the various municipal police pension and retirement funds is unauthorized by statute. However, the co-mingling of police pension funds with other unrelated trust funds in a type of investment trust or "mutual stock plan" appears specifically authorized in the "powers" section of the statute, provided that it is a prudent investment. Shares of an investment trust are actually certificates of participation in a "pooled fund" made up of stock of numerous corporations and other types of securities. It appears in 11 O.S. 541 [11-541](e)(4)(d) (1971) which was re-enacted in 11 O.S. 50-106 [11-50-106] (1977) of the Municipal Code, that up to one-third of the pension funds held by a board of trustees could be invested in such a fund with no violation of the trust rules of delegation of authority. It is, therefore, the opinion of the Attorney General that your question must be answered in the following manner: Under 11 O.S. 48-102 [11-48-102] and 11 O.S. 50-106 [11-50-106] (1977), the trustees of the various police pension and retirement systems of the state, cities, and towns of Oklahoma, may not invest in a pooled fund restricted to such police pension systems managed by a trust consultant. However, under 11 O.S. 50-106 [11-50-106](4) (1977), a board of trustees may hire a trust consultant for the purposes of advice on how pension funds should be invested, while retaining final authority to make investment decisions. Under 11 O.S. 50-106 [11-50-106](4)(d) (1977), the boards are specifically authorized by statute to invest a specific portion (1/3) of pension funds in a type of pooled fund defined as a mutual stock plan, if they so desire. In such an instance, the statute specifically requires the advice of a trust consultant. The statutory restrictions and stated objectives of the fund prescribed by law must be followed by the various boards of trustees in making pension fund investments. This opinion construes the recently enacted sections of the Municipal Code which apply to the Police Pension and Retirement System and that such opinion shall not be effective until July 1, 1978, when the new law becomes effective. (CATHERINE GATCHELL NAIFEH)